[No. 18818.   Department One.   January 9, 1925.]

HART & DILATUSH, *Appellant,* v. E. E.
ALLEY, *Respondent.*[1]

WORK AND LABOR (15)—CONTRACTS—COMPENSATION FOR SERVICES—
REASONABLENESS—EVIDENCE—SUFFICIENCY.   A recovery of $800 for
services performed through which defendant discovered and was
able to recover $3,000 appropriated by his bookkeeper, held under
the evidence to be reasonable compensation for the services per-
formed.

Appeal from a judgment of the superior court for
Spokane county, Lindsley, J., entered May 3, 1924, in
favor of the plaintiff, in an action to determine the
reasonable compensation for services rendered, tried
to the court.   Affirmed.

*James A. Brown,* for appellant.
*Fred M. Williams,* for respondent.

PEMBERTON, J.—The appellants employed respond-
ent to make certain investigations concerning a loss
in their business as a prescription pharmacy.   From a
judgment in favor of the respondent for his services in
the amount of $800, this appeal is taken.

It is claimed by appellants that the amount of com-
pensation allowed by the trial court is excessive.   In
order to determine the reasonableness of the amount
allowed it is necessary to consider the nature of the
services rendered.   The testimony shows that appel-
lants, from August 10, 1922, to January 1, 1923, had
been losing a large amount of money, estimated as high
as $6,500; that the appellant Hart had lost confidence
in appellant Dilatush and had accused him of stealing
this money; that Dilatush had established a similar

[1]Reported in 232 Pac. 280.

14—132 WASH.

store in Salt Lake City and Hart believed that he was financing this new store by taking money from the store of appellants. They became angry and refused to speak to each other for days. Dilatush, being under suspicion, himself employed a Mr. Reinhart, a registered accountant, to determine the cause of the loss. Because of the failure to secure certain books the accountant was unable to determine the cause of the loss. Dilatush then employed the Burns Detective Agency and this agency found that the bookkeeper had four or five different accounts in different banks and a number of safety deposit boxes, but they found nothing definite on which to proceed against the bookkeeper. Hart had absolute confidence in the bookkeeper. At this time they employed respondent. After an investigation, respondent found that the bookkeeper was the wrongdoer and secured a settlement between appellants and their bookkeeper whereby they received $3,000.

This was not merely a collection. Considering the nature of the services rendered and the benefit to appellants, we are satisfied that the trial court properly determined that the amount of $800 was a reasonable compensation for the services rendered.

The judgment will be affirmed.

MAIN, C. J., BRIDGES, and TOLMAN, JJ., concur.